UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20431-2-ALTMAN/LETT

UNITED STATES OF AMERICA,

v.

HERBERT BARR,

    Defendant.
    _____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    This matter is before the Court upon the Honorable Roy K. Altman's Order of Referral [ECF No. 122], to conduct a Change of Plea Hearing for Defendant Herbert Barr ("Defendant") in this case. The Court having conducted the Change of Plea Hearing on November 26, 2024, to determine whether Herbert Barr has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Defendant, his attorney, and the Government all consented on the record to the undersigned conducting the hearing. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge who will conduct the sentencing hearing, make all findings and rulings concerning Defendant's sentence, and decide whether to accept the Government's recommendations as to sentencing.

2. The undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. Although he was previously treated for addiction, the Defendant denied any current mental health or addiction issues that would render him unable to understand the proceedings, and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent to understand the proceedings and enter a knowing and voluntary plea.

3. The Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

4. Defendant pled guilty solely to Count 4 the Indictment, which charges him with Kidnapping in violation of 18 U.S.C. § 1201(a)(1). I advised Defendant that the maximum penalty the Court could impose is life in prison, followed by a term of supervised release of 5 years. In addition to any term of imprisonment, the Court may also impose a fine of up to $250,000 and will impose a special assessment in the amount of $100, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the possibility of restitution, forfeiture, and the potential for immigration consequences, including deportation. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

5. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial, memorialized in a written Factual Proffer, and any sentencing enhancement and/or aggravating factors that may be applicable. *See* ECF No. 126. Per the Plea Agreement, the Government will seek dismissal of Count 1 through 3 and Counts 5 through 7 of the Indictment, which charge Mr. Barr with one count of Conspiracy to Kidnap Resulting in Death in violation of 18 U.S.C. § 1201(c), two counts of Kidnapping Resulting in Death in violation of 18 U.S.C. § 1201(a)(1), and three counts of Brandishing and Discharging a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii). The Government established all the essential elements of the crime to which Defendant is pleading guilty. The Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer. Defense counsel agreed that the proffer satisfied all elements of the crime charged. *Id.*

6. Defendant acknowledged that he had reviewed the Indictment, discussed the charge against him with his attorney, and had a full opportunity to discuss the facts of the case with his attorney.

7. The Parties entered into a written Plea Agreement that was thereafter filed with the Court. *See* ECF No. 127. I reviewed that plea agreement on the record and Defendant acknowledged that he had reviewed the entire agreement with counsel before he signed it. Defendant acknowledged that he is satisfied with his attorney, the representation that he has received, and that he has had a full

3

opportunity to discuss all facets of his case – including reviewing discovery and discussing potential suppression motions – with his attorney.

8.  Based upon all the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

9.  A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. Sentencing will be set by separate order before District Judge Roy K. Altman.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report and Recommendation may be filed with the district judge within **THREE (3) days** of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C). If the parties

do not intend to object, the parties shall file a Notice of Non-objection to the Report and Recommendation on Change of Plea within the same three (3) day deadline.

**SIGNED** this 27th day of November, 2024.

_____
ENJOLIQUÉ A. LETT
UNITED STATES MAGISTRATE JUDGE

cc: **United States District Judge Roy K. Altman**
**All Counsel of Record**